# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4063

_____

Anitaan Kashimawo-Spikes,    *
                             *
            Appellant,       *
                             *    Appeal from the United States
      v.                     *    District Court for the
                             *    District of Minnesota.
                             *
U.S. Bancorp,                *
                             *      [UNPUBLISHED]
            Appellee.        *

_____

Submitted: February 17, 2006
Filed:  March 20, 2006

_____

Before MURPHY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Anitaan Kashimawo-Spikes (Spikes) appeals the district court's[1] adverse grant of summary judgment in her employment-discrimination action against U.S. Bankcorp (U.S. Bank) brought under Title VII, 42 U.S.C. § 1981, and the Americans with Disabilities Act (ADA). Having carefully reviewed the record, see Kincaid v. City of Omaha, 378 F.3d 799, 803-04 (8th Cir. 2004) (de novo standard of review), we agree with the district court that Spikes could not make out a prima facie case for failure to promote, because she did not rebut U.S. Bank's evidence that she already held the

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

position for which she applied. See Shannon v. Ford Motor Co., 72 F.3d 678, 682 (8th Cir. 1996) (elements under Title VII); see also Davis v. KARK-TV, Inc., 421 F.3d 699, 703-04 (8th Cir. 2005) (Title VII and § 1981 cases analyzed in same manner). We also agree that Spikes failed to demonstrate a prima facie case of race discrimination, because the isolated and objectively benign comments and events she identified do not permit an inference that her termination was based on her race. See Wheeler v. Aventis Pharms., 360 F.3d 853, 857 (8th Cir. 2004) (elements); see also Faragher v. City of Boca Raton, 524 U.S. 775, 787 (1998) (comments must be objectively hostile to reasonable person).

We further agree with the district court that Spikes failed to present a trialworthy issue on her disability-discrimination claim, because she could not establish that she was disabled within the meaning of the ADA. See Fenney v. Dakota, Minn. & E. R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (plaintiff must show disability to make prima facie case). Finally, we need not consider the claim Spikes raises under the Family and Medical Leave Act, or her hostile-work-environment argument, because she expressly abandoned those claims below. See United States v. Olano, 507 U.S. 725, 732-33 (1993) (claim relinquished below need not be addressed on appeal).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

_____